UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>APPROXIMATELY $13,000 IN U.S. CURRENCY,<br><br>Defendants. | No. 2:13-cv-1330 GEB AC<br><br>FINDINGS & RECOMMENDATIONS |

Before the court is plaintiff United States of America's January 13, 2014 motion for default judgment against the interests of Freddie Garibay Suarez ("Suarez"), Maria Garibay ("Garibay") and Anna Gonzalez ("Gonzalez") to Defendant $13,000.00 in U.S. currency ("Defendant Currency"). On review of the motion and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

## FACTUAL ALLEGATIONS

This is a civil action in rem brought by the United States for forfeiture of the defendant funds, which were seized from Suarez at Sacramento International Airport in Sacramento, California on January 8, 2013. Compl. ¶ 2. On that day, two special agents with the Drug Enforcement Administration ("DEA") received information regarding a passenger traveling with a large sum of money on American Airlines flight #1511, originating in Louisville, Kentucky and

1

arriving in Sacramento, California.  Id. ¶ 5.  When Suarez arrived at the gate in Sacramento, the agents approached him, identified themselves, and asked Suarez permission to talk with him.  Id. ¶ 6.  Suarez agreed and, after some discussion, further agreed to a search of his personal belongings, including a plastic bag that he was carrying with him when he got off the plane.  Id. ¶¶ 7-9.  A search of this bag produced $13,000 in cash, which Suarez claimed belonged to him, his mother and his grandmother.  Id. ¶¶ 9-12.  When asked about the source of the money that was his share, Suarez responded that it came from informal work as a freelance tattoo artist and "under the table" proceeds from handyman work he did with his father.  Id. ¶ 12.  After further discussion, which revealed several inconsistencies regarding the source of the funds, a Sacramento County Sheriff's Deputy responded to the airport with a police dog trained in detecting the presence of narcotics by scent.  See id. ¶¶ 14-21.  This drug-detection dog gave a positive alert to the odor of drugs on the defendant currency.  Id. ¶ 21.  As a result, the DEA agents seized the defendant funds.  Id. ¶ 22.

## PROCEDURAL BACKGROUND

On July 2, 2013, plaintiff filed a complaint for forfeiture in rem against the defendant currency.  On July 23, 2013, plaintiff served by personal service on Suarez, Garibay and Gonzalez at 3612 20th Avenue, Sacramento, California 95820 separate packets with copies of the complaint, application and order for publication, warrant for arrest, order setting status (pretrial scheduling) conference, standing order, and court notices.  See ECF No. 6.  Garibay accepted service for Suarez and Gonzalez.  See id.

On July 8, 2013, the undersigned authorized publication of the forfeiture action via the internet forfeiture website (www.forfeiture.gov) for at least thirty days.  ECF No. 4.  According to plaintiff's Declaration of Publication (ECF No. 7), a Notice of Civil Forfeiture was published on the official government internet site (www.forfeiture.gov) for thirty days beginning on July 9, 2013.  To date, no claim or answer has been filed on behalf of Suarez, Garibay or Gonzalez.

On January 2, 2014, the Clerk entered default against the interests of Suarez, Garibay and Gonzalez. ECF No. 11.  Now pending is plaintiff's January 13, 2014 motion for default judgment.  No opposition to the motion has been filed.

LEGAL STANDARD

A court has the discretion to enter a default judgment against one who is not an infant, incompetent, or member of the armed services where the claim is for an amount that is not certain on the face of the claim and where (1) the defendant has been served with the claim; (2) the defendant's default has been entered for failure to appear; (3) if the defendant has appeared in the action, the defendant has been served with written notice of the application for judgment at least three days before the hearing on the application; and, (4) the court has undertaken any necessary and proper investigation or hearing in order to enter judgment or carry it into effect. Fed. R. Civ. P. 55(b); Alan Neuman Productions, Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1988). Factors that may be considered by courts in exercising discretion as to the entry of a default judgment and as to setting aside a default include the nature and extent of the delay, Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986); the possibility of prejudice to the plaintiff, Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986); the merits of plaintiff's substantive claim, id.; the sufficiency of the allegations in the complaint to support judgment, Alan Neuman Productions, Inc., 862 F.2d at 1392; the amount in controversy, Eitel v. McCool, 782 F.2d at 1471-72; the possibility of a dispute concerning material facts, id.; whether the default was due to excusable neglect, id.; and, the strong policy underlying the Federal Rules of Civil Procedure that favors decisions on the merits, id.

With respect to default judgments in proceedings that are in rem actions for forfeiture, both the general Federal Rules of Civil Procedure and the Supplemental Rules for Certain Admiralty and Maritime Claims ("Supp. R.") apply, but the latter rules prevail if there is an inconsistency. Supp. R. A(1). Supplemental Rule G(1) provides that the rule governs a forfeiture action in rem arising from a federal statute; to the extent that Rule G does not address an issue, Supplemental Rules C and E also apply. Supplemental Rule G, which took effect on December 1, 2006, incorporates a common-sense approach to notice grounded in defined and recognized principles of due process of law. Supp. Rule G, Adv. Comm. Note on 2006 Adoption. The Advisory Committee Note indicates that the rule was added to bring together the central procedures governing civil forfeiture actions; it also states that the rule generally applies to

actions governed by the Civil Asset Forfeiture Reform Act of 2000 (CA FRA) as well as those excluded from it; thus, the intended scope of application is very broad. The rule permits flexibility as to the time of service of any warrant and supplemental process. Id. The provisions for notice incorporate the traditional means of publication and adopt the general principle that notice should be effectuated by means reasonably calculated to reach potential claimants at a cost reasonable in the circumstances, and actual notice precludes a challenge to the government's failure to comply with the specific requirements of the rule set forth in Rule G(4)(b). Id.

## ANALYSIS

### 1. Judgment Sought

The court concludes that the notice given of the judgment sought satisfies Federal Rules of Civil Procedure 55(d) and 54(c), which require that a judgment by default shall not be different in kind from the relief sought, or exceed in amount that prayed for, in the demand for judgment. In this regard, plaintiff expressly sought in the complaint the types of relief sought by the instant application for default judgment, including a judgment of forfeiture of the defendant funds to the plaintiff United States.

### 2. Default and Entry of Default

The declarations and the court's own docket demonstrate that no person or entity made a claim or answered the complaint within the requisite thirty-day period for filing a claim under 18 U.S.C. § 983(a) (4)(A) and Supp. R. G(5), and/or within the twenty-one-day period set forth in Supp. R. G(5) for filing an answer thereafter. Therefore, the Clerk appropriately entered the default of potential claimants Suarez, Garibay and Gonzalez on January 2, 2014.

### 3. Notice

The Declaration of Publication by plaintiff filed on August 13, 2013 establishes that a notice with the contents required by Supp. R. G(4)(a) was published on the official government internet site for thirty consecutive days as required by Supp. R. G(4)(a)(iv)(c).

As to the potential claimants, the return of service establishes that all three were personally served with the pertinent documents as set forth above. Therefore, the notice complied with the requirements of Supp. R. G(4)(b).

The undersigned concludes that plaintiff has demonstrated that it has given notice by publication as well as the notice required to be given to potential claimants by Rule G(4).

4. <u>Legal Sufficiency of the Complaint</u>

    a. <u>Legal Standard</u>

A default judgment generally bars the defaulting party from disputing the facts alleged in the complaint, but the defaulting party may argue that the facts as alleged do not state a claim. <u>Alan Neuman Productions, Inc.</u>, 862 F.2d at 1392.  Thus, well pleaded factual allegations, except as to damages, are taken as true; however, necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default.  <u>Cripps v. Life Ins. Co. of North America</u>, 980 F.2d 1261, 1267 (9th Cir. 1992); <u>TeleVideo Systems, Inc. v. Heidenthal</u>, 826 F.2d 915, 917 (9th Cir. 1987).

Under the CA FRA, which applies to this case, the government must prove by a preponderance of evidence that the property is subject to forfeiture.  18 U.S.C. § 983(c)(1).  Further, if the government's theory of forfeiture is that the property was used to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense, the government must establish that there was a substantial connection between the property and the offense.  18 U.S.C. § 983(c)(3).

Supplemental Rules for Certain Admiralty and Maritime Claims Rule G(2) requires that the complaint in a forfeiture action in rem arising from a federal statute be: verified; state the grounds for subject-matter jurisdiction and in rem jurisdiction over the defendant property as well as venue; describe the property with reasonable particularity; identify the statute under which the forfeiture action is brought; and state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial.

    b. <u>The Complaint</u>

The complaint filed in this action was verified.  Compl. 6.

The bases for jurisdiction are identified as 28 U.S.C. §§ 1345 and 1355(a) (jurisdiction of civil proceedings commenced by the United States or an agency or officer thereof, and of actions to recover or enforce penalties or forfeitures under acts of Congress, respectively).  Compl. 2.

1  The bases of venue are identified as 28 U.S.C. §§ 1355 (placing venue for a civil
2  forfeiture action where the acts giving rise to the forfeiture occurred) and 1395 (placing venue for
3  a civil forfeiture proceeding where the property is found).  Compl. 2.
4  The property is described in the complaint with reasonable particularity.
5  It is stated that plaintiff proceeds pursuant to 21 U.S.C. § 881(a)(6), and that the defendant
6  funds, seized on January 8, 2013 at the Sacramento International Airport in Sacramento,
7  California, constitute money furnished and intended to be furnished in exchange for a controlled
8  substance or listed chemical, constituted proceeds traceable to such an exchange, and was used
9  and intended to be used to commit or facilitate a violation of 21 U.S.C. § 841 *et seq.*
10  In the complaint there are alleged sufficiently detailed facts to support a reasonable belief
11  that the government would be able to meet its burden of proof at trial.  The complaint details
12  receipt of information that a passenger on a flight from Louisville, Kentucky to Sacramento,
13  California was carrying a large quantity of cash.  When DEA agents stopped Suarez and searched
14  his belongings, they found $13,000 in cash.  Discussion with Suarez also revealed multiple
15  inconsistencies regarding the source of the funds.  When a Sacramento County Sheriff's Deputy
16  arrived at the airport with a drug-detecting dog, the dog gave a positive alert to the odor of drugs
17  on the defendant currency.
18  These facts support a reasonable inference that the defendant currency was subject to
19  forfeiture as money furnished and intended to be furnished in exchange for a controlled substance
20  or listed chemical, constituted proceeds traceable to such an exchange, and was used and intended
21  to be used to commit or facilitate a violation of 21 U.S.C. § 841 *et seq.*.  The totality of the
22  circumstances reflects that a substantial connection between the defendant funds and a violation
23  of these statutes.
24  5.  <u>Status of Potential Claimants and Discretionary Factors</u>
25  Here, no one has claimed an interest in the defendant funds or otherwise responded to the
26  complaint despite being provided adequate notice of these proceedings.  It does not appear that
27  there is any risk of mistake or excusable neglect on the part of anyone with a potential interest in
28  the property or of a dispute as to a material fact essential to the government's case.  No just cause

1 for delay appears.  There does not appear to be any reason why the general policy in favor of a
2 decision on the merits would warrant refusing to enter the requested default judgment.

3       Based thereon, the court finds that plaintiff has shown its entitlement to a default
4 judgment of forfeiture.

5       Accordingly, IT IS HEREBY RECOMMENDED that:

6     1. The United States' motion for default judgment and final judgment of forfeiture (ECF
7       No. 15) be granted;

8     2. That judgment by default be entered against any right, title, or interests of Suarez,
9       Garibay and Gonzalez in the defendant funds referenced herein;

10     3. That a final judgment be entered, forfeiting all right, title, and interest in the defendant
11       funds to the United States, to be disposed of according to law.

12       These findings and recommendations are submitted to the United States District Judge
13 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
14 after being served with these findings and recommendations, any party may file written
15 objections with the court and serve a copy on all parties.  Such a document should be captioned
16 "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
17 objections shall be served and filed within fourteen days after service of the objections.  The
18 parties are advised that failure to file objections within the specified time may waive the right to
19 appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

20 DATED: February 20, 2014

22 ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE